# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KRISTINA MUTIC,**
        **Plaintiff,**

      v.                                               Case No.  13-C-0913

**STATE FARM FIRE AND CASUALTY CO.,**
        **Defendant.**

## DECISION AND ORDER

      The plaintiff, Kristina Mutic, was injured in an auto accident.  The other vehicle was uninsured.  Mutic filed a claim for uninsured motorist benefits with her auto insurer, State Farm Fire and Casualty Company.  Dissatisfied with State Farm's handling of the claim, Mutic filed the present lawsuit in a Wisconsin state court.  State Farm then removed the case to this court.  I have subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.

      The plaintiff has moved to remand the case to state court.  She agrees that the requirements for subject matter jurisdiction are satisfied but contends that a remand is required because a provision in the insurance policy grants her a right to litigate in state court and prevents State Farm from removing the case.  The relevant provision, and the context in which it appears, is reproduced below (the relevant provision is underlined):

**Deciding Fault and Amount**

    1.    a.    The insured and we must agree to the answers to the following two questions:

                  (1)    Is the insured legally entitled to recover compensatory damages from the owner or driver of the uninsured motor vehicle?

> (2) If the insured and we agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the insured is legally entitled to recover from the owner or driver of the uninsured motor vehicle?
>
> b. <u>If there is no agreement on the answer to either question in 1.a. above, then the insured shall:</u>
>
> (1) <u>file a lawsuit, in state or federal court that has jurisdiction</u>, against:
>
> (a) us;
>
> (b) the owner and driver of the uninsured motor vehicle unless we have consented to a settlement offer proposed by or on behalf of such owner or driver; and
>
> (c) any other party or parties who may be legally liable for the insured's damages;
>
> (2) consent to a jury trial if requested by us;
>
> (3) agree that we may contest the issues of liability and the amount of damages; and
>
> (4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

Policy at p. 18 of 44.

The plaintiff's argument presents a question of contract interpretation and is governed by Wisconsin law. The Wisconsin Supreme Court instructs courts to give language in an insurance policy the meaning that a reasonable person in the position of the insured would give it. See, e.g., Schinner v. Gundrum, 349 Wis.2d 529, 545 (2013).

2

Case 2:13-cv-00913-LA   Filed 12/13/13   Page 2 of 4   Document 16

I conclude that a reasonable person in the position of the insured would not understand the relevant policy language to be a limitation on State Farm's ability to remove the case to federal court. The language appears in a section of the policy imposing obligations on the insured, as evidenced by the fact that the section begins with the phrase "the insured shall." This section does not purport to confer any rights on the insured or limit any of State Farm's rights. The fact that the policy allows the insured to initiate the suit in state court does not imply that the insured has the right to keep it there. See Cruthis v. Metropolitan Life Ins. Co., 356 F.3d 816, 819 (7th Cir. 2004) ("The right to file suit in a particular forum is not equivalent to the right to avoid removal from that forum.").

The plaintiff notes that if State Farm had wanted to reserve its right to remove to federal court, it could have said so explicitly in the policy. That's true, but since there is no language in the policy suggesting that State Farm was waiving its right to remove in the first place, an explicit reservation of that right was unnecessary. The plaintiff cites Capital Bank & Trust Co. v. Associated International Insurance Co., in which the court found that an insurer had waived its right to remove by not expressly reserving that right in the policy. 576 F. Supp. 1522, 1525 (M.D. La. 1984). But in that case, the relevant policy language indicated that the insurer would submit to the insured's choice of forum, and thus an explicit reservation of the right to remove was arguably needed to make clear that the insurer was not waving that right. Id. at 1524.[1] In this case, no policy language suggests

---

[1]The policy language in Capital Bank provided:

> It is agreed that in the event of the failure of the company to pay any amount claimed, to be due, the company at the request of the insured, will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court

3

that State Farm would submit to the insured's choice of forum, and so State Farm had no reason or need to explicitly reserve the right to remove.

Accordingly, **IT IS ORDERED** that plaintiff's motion to remand is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of December, 2013.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

jurisdiction.

576 F. Supp. at 1524.